IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING,<br><br>           Plaintiff,<br><br>vs.<br><br>COUNTY OF MAUI DOE PROSECUTORS 1-10; STATE OF HAWAII DOES 1-10,<br><br>           Defendants. | Civ. No. 18-00235 JMS-RLP<br><br>ORDER (1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## **ORDER (1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. **INTRODUCTION**

On June 18, 2018, pro se Plaintiff Chris Grindling ("Plaintiff") filed a Complaint against Defendants County of Maui Doe Prosecutors 1-10 ("Doe Prosecutors"), and State of Hawaii Does 1-10 ("Doe State Officials") (collectively, "Defendants" or "Doe Defendants"), that included a request to proceed in forma pauperis ("IFP Request"). ECF No. 1. Based on the following, the court GRANTS Plaintiff's IFP Request, and DISMISSES Plaintiff's Complaint with leave to amend.

## II. DISCUSSION

### A. IFP Request is Granted

Plaintiff's IFP Request indicates that he is disabled and unemployed, receives $700 per month from an unnamed source, has $200 in a bank account, and has no assets. Compl. at 5. Because Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees), the court GRANTS Plaintiff's IFP Request.

### B. Background

As alleged in the Complaint, Plaintiff is no longer in prison, but at all times relevant to his claims, he was incarcerated at Maui Community Correctional Center ("MCCC"). Compl. at 1. The Complaint alleges that while imprisoned, Plaintiff was "starved and denied food," causing him to lose 150 pounds. *Id.* at 2. The Complaint further alleges that "videos of meals served which would [show] the starvation was not self-inflicted" were allegedly destroyed by unnamed government officials. *Id.* at 3.

In addition, the Complaint alleges that in 2015, Doe Prosecutors filed four cases[1] against Plaintiff asserting numerous criminal charges, on some

---

[1] The Complaint set forth the following case numbers: 15-1-000___, 15-1-000564, 15-1-000968, and 15-1-000266. Compl. at 2. A search of public state-court records shows that four
(continued . . . )

unspecified date, and induced Adult Correctional Officers Shook and Falefine to provide false testimony concerning allegations that Plaintiff threw urine and feces at them. *Id.* at 2-4. Although not at all clear, the Complaint alleges that these or other cases were dismissed for various reasons such as an alleged violation of his right to a speedy trial, prosecutorial interference with a grand jury to get an indictment, and withholding of evidence. *Id.* at 3. It is also not clear whether any of the four cases remain pending in state court. *See* eCourt Kokua (indicating that in four criminal cases — *State v. Grindling*, 2PC151000347 (Haw. 2d Cir. 2015); *State v. Grindling*, 2PC151000564 (Haw. 2d Cir. 2015); *State v. Grindling*, 2PC151000968 (Haw. 2d Cir. 2015); and *State v. Grindling*, 2PC161000266 (Haw. 2d Cir. 2016) — orders of dismissal were filed, but that two of those cases remain active).

        Construed liberally, the Complaint asserts 42 U.S.C. § 1983 claims against all Defendants for violation of rights protected by the Eighth and/or Fourteenth Amendments to the United States Constitution including due process,

---

(. . . continued)
cases charging Plaintiff with harassment, intimidation, and/or terroristic threatening of a correctional worker were filed under the following Case ID numbers: 2PC151000347, 2PC151000564, 2PC151000968, and 2PC161000266. *See* Hawaii State Judiciary Information Management System eCourt Kokua ("eCourt Kokua"), http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (last visited June 28, 2018).

abuse of process, and malicious prosecution, as well as state-law claims for malicious prosecution and intentional and negligent infliction of emotional distress. The Complaint asserts these claims against the Doe Prosecutors in their official and individual capacities, but is silent regarding in what capacity the Doe State Officials are sued. Plaintiff seeks $1 million dollars in compensatory damages "for the 15 months in jail and two years on supervised release," as well as "stress . . . [that] caused Plaintiff to have a nervous breakdown and PTSD." *Id.* at 4.

**C.    Standards of Review**

The court must screen the Complaint for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings. The court must dismiss a complaint or claim that is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680

4

F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard. *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

5

(per curiam). Leave to amend must be granted if it appears the plaintiff may be able to correct defects in the complaint. *See Lopez*, 203 F.3d at 1130. However, if it is "absolutely clear that no amendment" can save the complaint, dismissal without leave to amend is appropriate. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

D.  **Analysis**

   1.  *Doe Defendants*

Federal Rule of Civil Procedure 10(a) requires a plaintiff to include the names of the parties sued in the action. As a practical matter, it is impossible for the United States Marshal to serve a summons and complaint on an anonymous defendant. The use of doe defendants is therefore disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Although a plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, he must allege facts to show how each individual doe defendant violated the plaintiff's constitutional rights. If the plaintiff provides such details, he may then use the discovery process to obtain the names of any doe defendants he believes violated his constitutional rights and seek leave to amend to name those defendants, unless it is clear that discovery would

6

not uncover their identities, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Here, the Complaint fails to name any individual defendants. All claims are alleged against Doe Prosecutors and Doe State Officials. The Complaint utterly fails to allege how each individual Doe State Official violated his rights. The Complaint alleges that all Doe Prosecutors initiated and pursued frivolous criminal charges against him, but it fails to allege which Doe Prosecutor filed and pursued which criminal action against him, or which Doe Prosecutor violated his rights based on any other specific conduct.

Thus, Plaintiff fails to state a claim against Doe Prosecutors 1-10 and Doe State Officials 1-10 and they are DISMISSED with leave to amend. He may reallege claims against Doe Defendants, subject to the limitations set forth herein, but he must allege specific facts showing what each particular Doe Defendant did to violate his rights.

   2.   *Immunities*

      a.   *Prosecutorial Immunity*

Prosecutors are absolutely immune from liability under § 1983 for acts taken "within the scope of [their] duties in initiating and pursuing a criminal

7

prosecution." *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009) (recognizing settled law that prosecutors are absolutely immune from liability for damages under § 1983 for actions taken in their official capacities that are "intimately associated with the judicial phase of the criminal process" (citation and quotation marks omitted)); *Elliot-Park v. Manglona*, 592 F.3d 1003, 1006 (9th Cir. 2010). Absolute immunity also applies when a prosecutor undertakes administrative or investigatory functions in preparation "for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, . . . [such as preparation of evidence] for its presentation at trial or before a grand jury." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). But a prosecutor is not entitled to immunity for performing "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Id.*

Here, it appears that the Complaint's allegations against Doe Prosecutors refer to actions taken in preparation of filing criminal charges, as well as initiating and pursuing criminal charges against Plaintiff. As such, the Doe Prosecutors are absolutely immune from liability for damages under § 1983, and

8

those claims are DISMISSED without leave to amend. Plaintiff may, however, amend his § 1983 claim against a Doe Prosecutor if it is based on conduct for which prosecutorial immunity does not apply.

        b.        *Eleventh Amendment immunity*

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholeilei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Here, the Complaint seeks damages only. Thus, Plaintiff's § 1983 claims against Doe State Officials in their official capacities are DISMISSED without leave to amend.

### 3. *The Complaint Fails to Comply with Rule 8*

Plaintiff's Complaint fails to comply with Rule 8's mandate that it include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). *See also McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Here, the Complaint is largely conclusory, and lacks specific factual allegations to support its § 1983 claims against each Defendant. That is, it fails to sufficiently indicate who is being sued, in what capacity, and on what specific basis. The Complaint does not specify who engaged in particular conduct, when such conduct was done, how such conduct violated which specific constitutional right, and how each Defendant's conduct in violation of a constitutional right caused what specific injury. Nor does the Complaint allege which claims are asserted against which Defendants. In short, there are simply not enough factual allegations to allow the court to draw the reasonable inference that any Defendant is liable for any particular claim under § 1983.

Thus, Plaintiff's § 1983 claims against Defendants in their individual capacities are DISMISSED with leave to amend. Plaintiff may reallege his § 1983 claims against Defendants in their individual capacities, but he must specify simply and concisely what specific conduct by each Defendant supports a claim for violation of what specific constitutional right.

### 4. *The Complaint Fails to State a § 1983 Claim*

Furthermore, to state a § 1983 claim against Defendants in an individual capacity, Plaintiff "must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

11

causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

> a. *Malicious prosecution/due process/abuse of process*

A malicious prosecution claim generally requires "the institution of criminal proceedings against another who is not guilty of the offense charged" and that "the proceedings have terminated in favor of the accused." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012). To prevail on a § 1983 claim for malicious prosecution, Plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him . . . [a] specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (quotation marks and brackets omitted)); *see also Lacey*, 693 F.3d at 919 (recognizing that § 1983 malicious prosecution claim "concerns the wrongful use of legal process . . . with the intent to subject a person to a denial of constitutional rights") (citations and some punctuation marks omitted).

Here, the Complaint utterly fails to allege *facts* to support his claim. That is, the Complaint lacks factual allegations from which the court can reasonably infer that Plaintiff was not guilty of the criminal charges asserted by the

Doe Prosecutors, that all proceedings have been terminated in Plaintiff's favor, that the Doe Prosecutors initiated criminal proceedings with malice, without probable cause, and for the purpose of depriving Plaintiff of some constitutional right.

The Complaint generally alleges violations of his constitutional rights to due process and abuse of process. But the court cannot discern whether Plaintiff contends that the alleged malicious prosecution violated his due process rights, and if so, of what specific due process he was deprived. "[M]alicious prosecution, by itself, does not constitute a due process violation." *Freeman*, 68 F.3d at 1189. And "no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." *Awabdy*, 368 F.3d at 1069 (citing *Albright v. Oliver*, 510 U.S. 266, 268, 271(1994)).

In short, the Complaint, as pled, simply lacks sufficient *factual* allegations to state his § 1983 claims for malicious prosecution, due process, and abuse of process. Thus, these claims are DISMISSED with leave to amend.

        b.       *Eighth Amendment deprivation of food*

The Complaint alleges that while incarcerated, he was starved and denied food. Compl. at 1. To the extent Plaintiff is attempting to assert a violation of the Eighth Amendment, he fails to specify what each Defendant did or did not do sufficient to state a claim under § 1983. *See Rizzo*, 423 U.S. at 371-72, 377;

13

*Johnson*, 588 F.2d at 743. Thus, Plaintiff's § 1983 claim for violation of his Eighth Amendment right to adequate food is DISMISSED with leave to amend.

Court records show, however, that Plaintiff previously filed a complaint alleging that between 2014 and 2016, numerous Maui correctional officers deprived him of food, and that complaint was dismissed with prejudice pursuant to stipulation of the parties. *See Grindling v. Shibao, et al.*, Civ. No. 16-00426 DKW-RLP (D. Haw. July 26, 2017). If Plaintiff chooses to amend his Eighth Amendment claim, he should be prepared to show why it is not precluded by that prior action.

### 5. *Improper Joinder*

Further, although the Complaint asserts an Eighth Amendment claim against all Defendants, it necessarily applies only to those Doe State Officials who may be prison officials at Maui Community Correctional Center. Under Rule 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties. Under Rule 20(a)(2), permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of

14

transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Unrelated claims involving different defendants belong in different suits. *See Woods v. City of L.A.*, 2017 WL 5634105, at *5 (C.D. Cal. Nov. 22, 2017) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *Pitts v. Tuitama*, 2017 WL 1731681, at *4 (D. Haw. May 2, 2017) (citing cases).

Plaintiff's Complaint involves incidents that do not arise from the same transaction or occurrence or series of transactions or occurrences, and they clearly involve separate acts done by different individuals. Thus, should Plaintiff choose to amend his claims, he must be sure to separate his Eighth Amendment claim from an action asserting his malicious prosecution and due process claims.

### 6. *Leave to Amend*

Because the court cannot conclude that it would be impossible for Plaintiff to allege sufficient facts to state his § 1983 claims for violation of constitutional rights against Defendants in their individual capacities, the court grants Plaintiff leave to amend his Complaint by July 31, 2018. To be clear, this leave is granted for Plaintiff to attempt to cure his pleading deficiencies and to replead claims that are not dismissed by this Order, but not to add new or different claims. If Plaintiff chooses to amend his complaint, he should comply with the

15

Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii.

In addition, he must write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name or clear description of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey*, 693 F.3d at 928. Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to

preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must be designated as a "First Amended Complaint," and may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Any cause of action not already dismissed with prejudice that is not raised in the First Amended Complaint is waived. Failure to file an amended complaint by July 31, 2018 will result in automatic dismissal of this action.

7. ***Supplemental Jurisdiction over State-Law Malicious Prosecution and Intentional and Negligent Infliction of Emotional Distress***

Under 28 U.S.C. § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction over [state-law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" Because the Complaint fails to allege any basis for diversity jurisdiction and all federal claims are dismissed, the court does not address Plaintiff's state-law claims.

If Plaintiff does not file a First Amended Complaint, the court will decline jurisdiction over the state-law claims pursuant to § 1367(c) and dismiss them without prejudice. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction,

17

'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

If Plaintiff files a First Amended Complaint that states a cognizable federal claim against a Defendant, however, the court will retain jurisdiction over related state-law claims included in the amended complaint and address them at that time.

### III. **CONCLUSION**

Based on the foregoing:

(1) Plaintiff's IFP Request is GRANTED;

(2) pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's § 1983 claims against the Doe State Officials in their official capacities and the Doe Prosecutors in their official capacities for actions covered by prosecutorial immunity are DISMISSED without leave to amend;

(3) Plaintiff is GRANTED leave to amend his § 1983 claims against the Doe Prosecutors provided they are based on conduct not covered by prosecutorial immunity; and

(4) Plaintiff's § 1983 claims against Defendants in their individual capacities are DISMISSED with leave to amend.

If Plaintiff chooses to file a First Amended Complaint to attempt to cure the deficiencies identified above, he must so do no later than July 31, 2018. Failure to file a First Amended Complaint by July 31, 2018 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 29, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Grindling v. Cty. of Maui Doe Prosecutors 1-10, et al.*, Civ. No. 18-00235 JMS-RLP, Order (1) Granting Request to Proceed In Forma Pauperis, and (2) Dismissing Complaint with Leave to Amend